Marc Cook
Cook & Kelesis, LTD
517 South 9th Street
Las Vegas, NV 89101
Tel: (702) 385-3788
Fax: (702) 737-7712

[Additional counsel appearing on signature page]

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL JAFFEY, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>DEL TACO RESTAURANTS, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Jaffey ("Plaintiff" or "Jaffey") brings this class action complaint against Defendant Del Taco Restaurants, Inc. ("Defendant" or "Del Taco") to obtain redress for Defendant's serial and repeated violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA" or "Act"), specifically its failure to provide lawful FCRA disclosures and adverse action notices to its job applicants and employees. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

1

# NATURE OF THE ACTION

1. Enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, the FCRA explicitly acts to protect both applicants for employment and existing employees from adverse employment actions taken as a result of information contained in consumer reports and background checks. To that end, employers who obtain and use consumer reports/background checks regarding their applicants and employees are required to provide: (1) an express standalone disclosure seeking authorization to obtain the report prior to obtaining it in the first place, and (2) copies of any reports obtained and a summary of the applicant's/employee's rights under the Act *prior* to taking any adverse employment action against them based on information contained in such reports.

2. Here, Defendant willfully violates the FCRA by: (1) failing to provide a standalone up-front disclosure and authorization that Defendant may procure consumer reports about its applicants and employees, and (2) failing to provide its applicants and employees copies of such reports and the required summaries of their FCRA rights <u>before</u> taking adverse action against them.

3. First, Defendant fails to provide its applicants or employees with a standalone notice that indicates Defendant may obtain a consumer report about them for employment purposes. Section 1681b(b)(2) establishes that the notice must be made "in a document that consists solely of the disclosure." Here, Defendant provides a disclosure replete with extraneous information the inclusion of which renders the disclosure difficult to read and confusing to the average consumer. Such extraneous information includes, without limitation, disclosures necessary before an employee can obtain a special type of report, known as an investigative consumer report, with the disclosures necessary solely for consumer reports, disclosures specific to certain states inapplicable to Plaintiff and other extraneous and confusing information.

4. Indeed, Defendant has also willfully violated the FCRA by requiring applicants outside of the state of California to authorize the procurement of background checks and consumer reports in conjunction with California's state-specific disclosure requirements. Combining both the FCRA disclosures and the California state law disclosures—specifically when applicants are not applying for a position within California—is particularly confusing to the average consumer and is a violation of the FCRA.

5. Additionally, Del Taco willfully violated the FCRA by procuring background checks and consumer reports about its job applicants and employees without providing such applicants and employees with copies of the reports and a summary of their FCRA rights before taking adverse action against them. Instead, Defendant takes adverse action against applicants and employees based on the consumer reports it obtains about them—including firing its employees—before providing the applicant or employee with any mandated "pre-adverse action" notice, copy of the report, and summary of rights as required under the FCRA. Indeed, Defendant does not provide any pre-adverse action notice at all and fails to provide employees with any copies of the reports and/or summary of rights before taking adverse action, such as deciding not to hire the applicant (or to fire the employee). In Plaintiff's case he received a copy of the background check procured about him a month after he was fired from Del Taco—and only because he specifically requested it.

6. As a result of Defendant's willful violations of the FCRA, employees and applicants such as Plaintiff Jaffey are deprived of rights, including privacy rights guaranteed to them by federal law under the Act, and are therefore entitled to statutory damages of at least $100 and not more than $1,000 for each violation. *See* 15 U.S.C. § 1681n(a)(1)(A).

**PARTIES**

7. Plaintiff Michael Jaffey is a natural person and citizen of the State of Nevada. He resides in North Las Vegas, Clark County, Nevada.

8. Defendant Del Taco Restaurants, Inc. is a Delaware corporation with its principle place of business located at 25521 Commercentre Drive Lake Forest, California 92630.

### JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, which is a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* because the classes each consist of over 100 people, at least one member of each class is from a State other than California and Delaware (the states of Defendant), and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

10. This Court has personal jurisdiction over Defendant because it conducts ongoing and continuous business in this District and the unlawful conduct alleged in the Complaint was directed at individuals within this District.

11. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff's claims arose in substantial part out of corporate actions and policies that occurred within this District and which have emanated from this District.

### FACTS COMMON TO PLAINTIFF AND ALL COUNTS

12. Del Taco is a publically-traded restaurant chain based in Lake Forest, California.

13. Del Taco was founded in 1964 and now operates or franchisees more than 550 restaurants in fifteen states.

14. Del Taco has over 7,000 employees.

15. In or around June 2017, Plaintiff Jaffey applied for a job with Del Taco using its online application process.

16. Shortly after applying, Plaintiff was hired by Del Taco as a team member. Plaintiff's primary Del Taco workplace was located at 2531 East Craig Road, North Las Vegas, NV 89030. However, during Plaintiff's time of employment with Del Taco, he was asked to work at various locations within the Las Vegas and North Las Vegas areas.

17. Jaffey worked at Del Taco for approximately one month.

18. During Jaffey's employment at Del Taco, his supervisor informed him that he would be trained for a management position at one of the company's locations.

19. After one month of employment with Del Taco, Jaffey was informed by his supervisor that Del Taco had procured a background check about Jaffey, that he, Jaffey, had failed, and that he, Jaffey, was fired.

20. At no time prior to Jaffey's termination did he receive any pre-adverse action notice or a copy of his consumer report.

21. In fact, Jaffey didn't receive a copy of his background check until three months after his termination and only because he called to request a copy.

22. Put simply, Del Taco skipped the pre-adverse action process entirely and failed to send Jaffey a copy of his consumer report and a summary of his FCRA rights prior to taking adverse action against him.

23. As the FTC has made clear, applicants and employees are to be afforded the opportunity to review any background check/consumer report procured about them and to discuss it with their prospective employer <u>before</u> losing out on a job (or having other adverse action taken against them) because of information contained in the report. The FTC has ruled that in general an employer should wait at least five (5) business days following the notice to the applicant or employee of the anticipated adverse action—together with a copy of the report and a summary of the applicant/employees' FCRA rights—before actually taking the adverse action. This notice advises the applicant or employee of their ability to discuss the report with their

employer. (*See, e.g.*, FTC Advisory Opinion to Weisberg, available at http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-weisberg-06-27-97.)

24. Further, Plaintiff was presented with an FCRA disclosure and authorization form during the hiring process that was combined with extraneous information. This extraneous information rendered the disclosure confusing to the average individual and was indeed confusing to the Plaintiff himself.

25. Because of the unlawful disclosure provided to applicants and employees including Plaintiff, as well as Defendant's policy of skipping the pre-adverse action notice step entirely, Defendant has willfully denied Plaintiff and others the rights guaranteed to them by the FCRA. Such violations entitle him, and others similarly situated, to statutory damages of not less than $100 and not more than $1,000.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure Rule 23(b)(3) on behalf of himself and three Classes defined as follows:

> **Unlawful Disclosure Class**: All persons in the United States (1) who applied for employment with Defendant on or after September 29, 2015, (2) about whom Defendant procured a consumer report, and (3) who were provided the same disclosure and authorization regarding the possibility that a consumer report may be procured about them as the disclosure Del Taco provided to Plaintiff.
>
> **Non-California Sub-Class**: All Unlawful Disclosure Class Members located outside of California who (1) applied for employment at a Del Taco restaurant located outside California on or after September 29, 2015, (2) about whom Defendant procured a consumer report, and (3) who were provided the same disclosure and authorization, which included the authorization in accordance with California State Law, that Del Taco provided to Plaintiff.
>
> **Pre-Adverse Action Class**: All persons in the United States who (1) were subject to adverse employment action on or after September 29, 2015 based in whole or in part on any consumer report procured by Defendant; and (2) who, like Plaintiff, did not receive a copy of the report Defendant procured and a summary of rights before Defendant took adverse action against them.

Excluded from the Classes are (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former officers and directors, (2) the Judge or Magistrate

CLASS ACTION COMPLAINT   6
JURY TRIAL DEMANDED

Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons who execute and file a timely request for exclusion, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person.

27. **Numerosity**: The exact number of the members of the Classes is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has thousands of employees and a potentially even greater number of job applicants. Further, the Class members can readily be ascertained through Defendant's records.

28. **Commonality**: Common questions of law and fact exist as to all members of the Classes for which this proceeding will provide common answers in a single stroke based upon common evidence, including:

(a) Whether Defendant's conduct described herein violated the FCRA;

(b) Whether Defendant has procured or caused to be procured consumer reports regarding its job applicants and employees;

(c) Whether Defendant's disclosure violates the FCRA's requirement that the pre-report disclosure "stand alone";

(d) Whether Defendant has acted willfully;

(e) Whether Defendant has failed to provide a pre-adverse action notice, copy of the consumer report, and a summary of FCRA rights to applicants and employees prior to taking adverse action and, if so, whether such policies and procedures violate the FCRA; and

(f) The proper measure of statutory damages.

29. **Typicality**: As a result of Defendant's uniform disclosures and conduct, Plaintiff and the Class members suffered the same injury and similar damages. Thus, Plaintiff's claims are typical of the claims of the other Class members.

30. **Adequate Representation**: Plaintiff is a member of the Classes and both he and his counsel will fairly and adequately represent and protect the interests of the Classes. Neither Plaintiff nor his counsel has interests adverse to those of the Class members, and Defendant has no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Further, Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and they have the financial resources to do so.

31. **Predominance:** The common questions of law and fact set forth above go to the very heart of the controversy and predominate over any supposed individualized questions. Irrespective of any given Class member's situation, the answer to whether Defendant's pre-report disclosure and failure to provide pre-adverse action notices are unlawful is the same for everyone—resounding "yesses" on both questions—and they will be proven using common evidence.

32. **Superiority and Manageability**: A class action is superior to all other methods of adjudicating the controversy. Joinder of all class members is impractical, and the damages suffered by/available to the individual Class members will likely be small relative to the cost associated with prosecuting an action. Thus, the expense of litigating an individual action will likely prohibit the Class members from obtaining effective relief for Defendant's misconduct. In addition, there are numerous common factual and legal questions that could result in inconsistent verdicts should there be several successive trials. In contract, a class action will present far fewer management difficulties, as it will increase efficiency and decrease expense. Further, class-wide adjudication will also ensure a uniform decision for the Class members.

33. Plaintiff reserves the right to revise the definition of the Classes as necessary based upon information obtained in discovery.

## COUNT I
### Violation of 15 U.S.C. § 1681b(b)(2)(A)(i)
### (On Behalf of Plaintiff and the Disclosure Class)

34. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

35. The FCRA declares that:

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> (i) a <u>clear and conspicuous</u> disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists <u>solely of the disclosure,</u> that a consumer report may be obtained for employment purposes . . . .

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

36. The FCRA defines a consumer report as:

> . . . any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .
>
> (B) employment purposes . . . .

15 U.S.C. § 1681a(d)(1). Defendant's background checks are consumer reports.

37. The pre-report disclosure that Defendant provided to Plaintiff and the putative Unlawful Disclosure Class members as part of the application process willfully violated the FCRA by not standing alone and by including extraneous information.

38. Such extraneous information rendered the disclosure confusing to the average consumer.

39. Plaintiff completed his application online and therefore never possessed a paper copy of the disclosure.

40. Defendant procured consumer reports with respect to Plaintiff and the Unlawful Disclosure Class members. The disclosure provided to Plaintiff was the same or substantially the same as the one provided to all Disclosure Class members. Thus, Defendant uniformly violated the rights of all Class members in the same way by including extraneous information in the disclosure.

41. Defendant's violation of 15 U.S.C. § 1681b(b)(2)(A)(i) was willful for at least the following reasons:

    (i) The rule that FRCA disclosures be "clear and conspicuous" and part of a document consisting "solely" of that disclosure has been the law established for well over a decade.

    (ii) Defendant is a large corporation who regularly engages outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others.

    (iii) Clear judicial and administrative guidance—dating back to at least the 1990s—regarding a corporation's FCRA responsibilities exists and is readily available explaining that such disclosures must stand-alone. This readily-available guidance means Defendant either was aware of its responsibilities or plainly should have been aware of its responsibilities but ignored them and violated the FCRA anyway.

42. Plaintiff and the Disclosure Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

43. Accordingly, under the FCRA, Plaintiff and the Disclosure Class seek statutory damages, costs and reasonable attorneys' fees.

# COUNT II
## Violation of 15 U.S.C. § 1681b(b)(2)
### (On Behalf of Plaintiff and the Non-California Sub-Class)

44. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

45. The FCRA declares that:

> Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—
>
> (i) a <u>clear and conspicuous</u> disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists <u>solely of the disclosure,</u> that a consumer report may be obtained for employment purposes . . . .
>
> (ii) the consumer has authorized in writing (which authorization may be on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

46. Defendant violated Section 1681b(b)(2)(A) of the FCRA by failing to provide applicants and employees with a stand-alone disclosure. Instead, rather than simply provide applicants and employees with a standalone consumer report disclosure and authorization, Del Taco unlawfully includes California State Law Disclosures.

47. The inclusion of California State Law Disclosures, in addition to other extraneous information, makes the disclosure not standalone and further creates confusion to the average individual.

48. Moreover, regardless of what state applicants and employees work in, they are required to authorize all aforementioned disclosures in one single document. This is particularly confusing to applicants and employees who work outside of California yet for some reason are forced to agree to California state laws.

49. Thus, Defendant routinely and uniformly violated the rights of all Class members in the same way by requiring each to review the California State Law Disclosures and agree to the disclosures, which have zero applicability to the entire class. This is plainly a violation of Section 15 U.S.C. § 1681b(b)(2)(A).

50. Defendant's violations of 15 U.S.C. § 1681b(b)(2)(A) were willful. The rule that disclosures be "clear and conspicuous" and part of a document consisting "solely" of that disclosure has been the law established for well over a decade. Furthermore, Del Taco is a large corporation that regularly engages outside counsel. As such, it had ample opportunity to seek legal advice regarding its FCRA responsibilities.

51. Plaintiff and the Non-California Sub-Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

52. Accordingly, under the FCRA, Plaintiff and the Non-California Sub-Class seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendant's conduct is unlawful.

## COUNT III
### Violation of 15 U.S.C. § 1681b(b)(3)
### (On Behalf of Plaintiff and the Pre-Adverse Action Class)

53. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

54. The FCRA provides that:

(3) Conditions on use for adverse actions.

(A) In General. Except as provided in subparagraph (b), in using a consumer report for employment purposes, *before* taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—

(i)  a copy of the report; and
(ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

*See* 15 U.S.C. 1681b(b)(3) (Emphasis added).

55. The FCRA defines adverse action as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

56. Defendant violated Section 1681b(b)(3)(A) of the FCRA by failing to provide Plaintiff and members of the Pre-Adverse Action Class with a copy of their consumer reports and/or summaries of their rights under the FCRA before taking adverse employment action against them. Instead, Defendant fails to send such reports and summaries at all. Indeed, Jaffey would have never received a copy of his consumer report had he not requested it. Even then it wasn't provided until a month after he was terminated.

57. Defendant obtained a consumer report about Plaintiff for employment purposes. Based in whole or in part on information contained within Plaintiff's consumer report, Defendant terminated Plaintiff—an adverse employment action.

58. In contravention of the FCRA, Defendant willfully failed to provide Plaintiff with his consumer report and a written description of his rights before taking such adverse action. In doing so, Defendant failed to provide an opportunity to dispute or discuss any information prior to the decision to fire him.

59. Defendant's violations of 15 U.S.C. § 1681b(b)(3)(A) were willful. The rule that a copy of the report relied upon and a summary of FCRA rights must be sent to a person against whom an employer intends to take adverse action before such adverse action is taken is well established. Defendant is a large publically traded corporation that has retained lawyers on staff and regularly engages counsel—it has ample means and opportunity to seek legal advice regarding its FCRA responsibilities. Further, there is a glut of judicial and administrative guidance—dating back to the 1990's—regarding a corporation's FCRA responsibilities. As a consequence of such readily available guidance, Defendant either was aware of its responsibilities or should have been aware of its responsibilities but violated the FCRA anyway.

60. Plaintiff and the Pre-Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

61. Accordingly, under the FCRA, Plaintiff and the Pre-Adverse Action Class seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendant's conduct is unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Jaffey, individually and on behalf of the Classes, respectfully requests that this Court issue an order:

A. Certifying this case as a class action on behalf of the Classes defined above, appointing Michael Jaffey as class representative and appointing his counsel as class counsel;

B. Declaring that Defendant's actions, as set out above, constitute violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

C. Declaring that Defendant's practice of not providing a copy of the consumer report relied upon and a summary of FCRA rights constitutes a violation of the FCRA;

D. Awarding damages, including statutory and treble damages where applicable, to Plaintiff and the Classes in amounts to be determined at trial;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Classes, *inter alia*: (i) an order prohibiting Defendant from engaging in the wrongful and unlawful actions described herein; and (ii) requiring Defendant to provide proper disclosures, notices, and summaries under federal law;

F. Awarding Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

G. Awarding Plaintiff and the Classes pre- and post- judgment interest, to the extent allowable;

H. Providing such other injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Classes; and

I. Such further and other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: October 3, 2017

MICHAEL JAFFEY, individually, and on behalf of all others similarly situated,

By: _____

Marc Cook
Cook & Kelesis, LTD
517 South 9th Street
Las Vegas, NV 89101
Tel: (702) 385-3788
Fax: (702) 737-7712

Steven L. Woodrow
swoodrow@woodrowpeluso.com*
Patrick H. Peluso
ppeluso@woodrowpeluso.com*
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210

*Counsel for Plaintiff and the Putative Class*

*pro hac vice admission to be filed

CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED

15