Marc P. Cook
Cook and Kelesis, LTD
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
(702) 737-7712 (fax)
mcook@bckltd.com

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL JAFFEY, individually and on behalf of a class of similarly situated individuals,<br><br>       *Plaintiff,*<br><br>v.<br><br>DEL TACO RESTAURANTS, INC., a Delaware corporation,<br><br>       *Defendant.* | Case No.  2:17-cv-02600-JCM-PAL<br><br>**MOTION FOR LEAVE TO FILE SURREPLY AND/OR TO STRIKE NEW MATERIAL OFFERED BY DEL TACO IN ITS REPLY IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, COMPEL ARBITRATION AND DISMISS THE ACTION** |

  Plaintiff Michael Jaffey ("Jaffey" or "Plaintiff") moves this Court for an Order allowing him leave to file a surreply, or, in the alternative, an Order striking new material offered by Defendant Del Taco in its Reply brief in support of its Motion to Stay Proceedings or in the Alternative, Compel Arbitration and Dismiss the Action ("Motion to Stay") that was known to Del Taco at the time it filed the Motion to Stay.

  Specifically, Del Taco's Reply brief includes both a Supplemental Declaration of Jeanne Graves ("Supplemental Graves Declaration") and a document styled "Del Taco LLC E-Signature Disclosures & Consent" (the "E-Signature Disclosures") attached as Exhibit C to Defendant's Reply. Both of these documents introduce new, untested facts and demonstrate why discovery is needed regarding the formation of any supposed agreement. Further, because the Reply brief relies so heavily on such materials, all references to such new evidence should be stricken as well.

  This Motion is based on the attached Memorandum and Points of Authorities.

- 1 -

| | | |
|---|---|---|
| 1 | | Respectfully Submitted |
| 2 | Dated: February 7, 2018 | |
| 3 | | By: /s/ Patrick H. Peluso |
| | | One of Plaintiff's Attorneys |
| 4 | | |
| 5 | | Steven L. Woodrow* |
| | | swoodrow@woodrowpeluso.com |
| 6 | | Patrick H. Peluso* |
| | | ppeluso@woodrowpeluso.com |
| 7 | | Woodrow & Peluso, LLC |
| | | 3100 E. Mexico Ave., Suite 300 |
| 8 | | Denver, Colorado 80210 |
| | | Tel: 720.213.0675 |
| 9 | | Fax: 303.927.0809 |
| 10 | | Marc P. Cook |
| 11 | | Cook and Kelesis, LTD |
| | | 517 S. 9th St. |
| 12 | | Las Vegas, NV 89101 |
| | | (702) 737-7702 |
| 13 | | (702) 737-7712 (fax) |
| | | mcook@bckltd.com |
| 14 | | |
| 15 | | Attorneys for Plaintiff and the Putative Class |
| 16 | | * pro hac vice |

- 2 -

**MEMORANDUM AND POINTS OF AUTHORITIES**

**I.     Introduction And Brief Recitation Of Relevant Facts.**

Defendant Del Taco seeks to improperly introduce new evidence in its Reply brief that it could've raised in its original Motion to Stay. First, Del Taco introduces the Supplemental Declaration of Jeanne Graves ("Supplemental Graves Declaration")—a series of untested assertions about Del Taco's supposed process for agreeing to arbitrate. Second, Del Taco introduces a document entitled "Del Taco LLC E-Signature Disclosures & Consent" (the "E-Signature Disclosures") that raises more questions than it answers.

Indeed, on November 21, 2017, Defendant filed its Motion to Stay Proceedings, or in the Alternative, Compel Arbitration and Dismiss The Action ("Motion to Stay"). (Dkt. 14, 15.) In connection with the Motion to Stay, Defendant attached, as support, the following exhibits: (A) the initial Declaration of Jeanne Graves, (B) Defendant's supposed Mutual Agreement to Arbitration Claims, and (C) the Declaration of Matthew B. Golper. (*Id.*) On January 5, 2018, Plaintiff filed his response. (Dkt. 38.) Thereafter, on January 26, 2018, Defendant filed its Reply in Support of Motion to Stay Proceedings, or in the Alternative, Compel Arbitration and Dismiss the Action ("Reply"). The Reply includes both the Supplemental Graves Declaration and the E-Signature Disclosures. (Dkt. 40.) Both of these new exhibits seek to introduce new supposed "evidence" that Plaintiff hasn't had a chance to cross-examine or otherwise investigate.

The Reply Brief, the Supplemental Graves Declaration, and the E-Signature Disclosures should all be stricken. First, despite never previously disclosing any evidence of Defendant's online application system, PeopleMatter, Del Taco devotes considerable space in its Reply brief introducing the PeopleMatter system and detailing the supposed process by which individual applicants apply electronically. Likewise, the information contained in the Supplemental Graves Declaration and the E-Signature Disclosures are all new evidence that Del Taco could have, but didn't, include in its opening brief in support of its Motion to Stay.

On such facts, and as set forth more fully below, the Court should strike the Supplemental Graves Declaration and the supposed E-Signature Disclosures in their entirety, along with any mentions or references to them in Del Taco's reply memorandum.

## II. ARGUMENT

It is well-settled that "[n]ew arguments may not be introduced in a reply brief," *United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992). Indeed, a district court "need not consider arguments raised for the first time in a reply brief." *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007); *Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir. 2003); *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990); *see also 7912 Limbwood Court Tr. v. Wells Fargo Bank, N.A.*, 979 F. Supp. 2d 1142, 1152–53 (D. Nev. 2013) ("The Court will not consider this issue raised for the first time in a reply brief.") (citing *Carstarphen v. Milsner,* 594 F.Supp.2d 1201, 1204 n. 1 (D.Nev.2009)). Put simply, district courts may disregard arguments first raised in a reply brief because the timing of the argument deprives the opposing party of the opportunity to respond. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996*); E.E.O.C. v. Creative Networks, LLC and Res-Care, Inc.*, No. CV-05-3032-PHX-SMM, 2008 WL 5225807 *2 (D. Ariz. Dec. 15, 2008) ("There is no dispute that a party may not file 'new' evidence with a reply and then deprive the opposing party of an opportunity to respond to the new evidence.") (citing *Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996)). "Therefore, the court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence." *Oracle USA, Inc. v. Rimini Street, Inc.*, Case No. 2:10-cv-0106-LRH-VCF, 2016 WL 6208254 *2 (D. Nev. Oct. 24, 2016) (citation omitted).

Defendant has improperly introduced new "evidence" in its Reply, the new evidence was fully available at the time Del Taco filed its initial Motion to Stay, and the filing of such new evidence strips Jaffey of having an opportunity to respond. As such, and as further explained below, the Court should strike the Supplemental Graves Declaration and the E-Signature Disclosures along with any references to them in Defendant's Reply memorandum.

### A. Del Taco Seeks to Present New Evidence In Its Reply Brief.

As an initial matter, Del Taco plainly seeks to present new evidence via its Reply brief and accompanying exhibits, namely the Supplemental Graves Declaration and the E-signature Disclosures. That is, when Del Taco filed its initial Motion to Stay, it attached several exhibits, including a declaration from Ms. Graves. However, Del Taco neglected in those papers to include

- 4 -

the detailed paragraphs that it now inserts into the Supplemental Graves Declaration that speak to Del Taco's supposed "on boarding process" more generally and information regarding Plaintiff Jaffey's supposed online session in particular. This new data includes supposed timestamps of Jaffey's activity and assertions regarding the papers that would have been shown to him.

Likewise, Del Taco's initial Motion to Stay was silent with respect to the E-Signature Disclosures. Nothing in the initial Motion to Stay indicated that such disclosures were provided to Jaffey during any online application process and that Jaffey agreed to them.

The Reply Brief relies heavily on both documents. As such, there can be little debate that Del Taco seeks to introduce new evidence via its Reply papers here. Additionally, and as explained below, this supposedly new information was readily available to Del Taco at the time it filed its opening Motion to Strike.

**B.      All of the new evidence that Del Taco seeks to introduce in its Reply brief was available to the Defendant before it ever filed its Motion to Stay.**

Second, the information contained in the Supplemental Graves Declaration and the E-Signature Disclosures was available to Del Taco when it filed its Motion to Stay and was obviously relevant at that time. In *Pacquiao v. Mayweather* the court struck two exhibits that were offered in the defendants reply brief. No. 2:09-cv-2448-LRH-RJJ, 2010 WL 3271961 *2 (D. Nev. Aug. 13, 2010). The defendant argued that the exhibits were not "new" but instead were offered to rebut plaintiff's response, *id.* at *1, and the court conceded that the exhibits were "relevant to the issues raised in the motion to dismiss." *Id.* However, the court also observed that the exhibits "were available at the time defendants filed their motion," and that the defendant had not shown that "the evidence could have only been provided in response to [plaintiff's] opposition." *Id.* Indeed, courts repeatedly strike declarations, affidavits, and exhibits that present new evidence that could have been presented in the original motion. *See id.*; *see also McCoy v. U.S. Collections West, Inc.*, No. CV-14-0048-PHX-LOA, 2014 WL 3898088 *4 (D. Ariz. Aug. 11, 2014) ("Here, Defendant Darnell's introduction of new evidence via his affidavit attached to his Reply leaves Plaintiffs without an adequate opportunity to respond."); *see also Stickle v. SCI Western Market Support Center, L.P.*, 2009 WL 3241790 *4 (D. Ariz. Sept. 30, 2009) ("[T]here is no discernable reason

- 5 -

why these affirmations could not have presented as part of Plaintiffs' initial motion for notice. As such, the Court will strike the four affirmations submitted by Plaintiffs with their reply brief, and the information contained therein will not be considered by the Court.").

All of the information contained in the Supplemental Graves Declaration and the E-Signature Disclosures was available to Del Taco back when it filed its original motion—Del Taco certainly offers no explanation suggesting otherwise. And this makes sense—if this information was only created after the litigation had already commenced that would negate its authenticity. Del Taco simply withheld such information, choosing instead to introduce it via its Reply.

Additionally, nothing in the either document can be reasonably said to have been solely response to Plaintiff's opposition, the arguments in which should have been anticipated by Del Taco at the time the Motion to Stay was first filed. That is, Plaintiff's response—that it never entered into any agreement to arbitrate—was highly predictable given the fact that Del Taco provided certain documents to Plaintiff's counsel before the initial Motion to Stay was filed. During this process both Parties conferred regarding their relative positions prior to Defendant filing its original Motion to Stay. At no time did Del Taco provide the materials it now seeks to introduce via its Reply.

Furthermore, Defendant plainly understood when it moved to stay that it shoulders the burden to establish that an enforceable agreement to arbitrate existed. Del Taco certainly hired experienced counsel fully aware of this evidentiary burden. Hence, all of the evidence contained in the Supplemental Declaration and the E-Disclosure Form were foreseeably relevant at the time of Defendant's original Motion to Stay and should have been included at that time--not improperly via a Reply brief. Defendant cannot show that the new evidence "could only have been provided in response to Plaintiff's opposition." As such, this Court should strike both the Supplemental Graves Declaration and the E-Signature Disclosures.

**C.     By filing such new evidence through its Reply Brief, Del Taco has effectively stripped Jaffey—who plainly needs discovery regarding the assertions made by Graves and the inner workings of Del Taco's "on boarding process"—of having a fair opportunity to respond.**

The new evidence that Del Taco seeks to introduce via its Reply brief was not only available to Del Taco and foreseeably relevant at the time Defendant filed its initial Motion to Stay, the new information, if accepted, effectively strips Jaffey of having a fair opportunity to respond. The Supplemental Graves Declaration is entirely untested, and Jaffey needs to depose Graves to actually uncover the step-by-step on boarding process, the documents presented and the order they are presented in, and the scope of any signatures, electronic or otherwise, that are obtained during on-boarding. Jaffey also needs information regarding the data points Grave's mentions, including any timestamps reflecting Jaffey's activity and other information.

Indeed, the Supplemental Graves Declaration puts Jaffey's need for discovery into sharp relief. Del Taco hasn't supplied most of the data and documents on which Graves apparently bases her conclusions; rather, she reviewed such materials and ostensibly reports on their contents. Del Taco has yet to disclose any audit trail, time stamps, metadata, server logs, IP address, or similar information to substantiate Graves's assertions. If, as Defendant claims, it has this information then it should have presented such evidence (in its opening Motion to Stay) to support its contentions. It shouldn't be allowed to inject such materials into the record unchecked via its reply.

Accordingly, Plaintiff deserves an opportunity to conduct discovery into Defendant's records to determine whether or not any of these contentions can be verified. Otherwise, Del Taco will have been permitted to introduce new evidence without Jaffey having had any fair opportunity to test it and respond.

**D.     As a final matter, the Court should strike any legal conclusions from the Supplemental Graves Declaration.**

To the extent that the Court declines to strike the Supplemental Graves Declaration in its entirety and denies Plaintiff the opportunity to depose Graves and obtain other meaningful discovery, at the very least the Court should strike any legal conclusions that Graves seeks to offer. It is well-settled that "'[t]he party seeking to compel arbitration bears the burden of establishing the existence of an agreement to arbitrate," *Burgess v. Qwest Corp.*, 546 F.Supp.2d 1117, 1120 (D. Or. Apr. 28, 2008) (citation omitted), and that in doing so, the party bearing the burden cannot rely upon legal conclusions as evidence. *See Boyd v. City of Oakland*, 458 F.Supp. 2d 1015, 1039 (N.D.

Cal. Oct. 17, 2006) ("[L]egal conclusions are inadmissible as are matters not within the personal knowledge of the declarant.")

The Supplemental Graves Brief contains legal conclusions that masquerade as evidence. For example, Graves asserts that "Mr. Jaffey's records also indicate that he specifically consented to electronically receive, review, access, sign and authenticate employment-related documents." (*Id.* ¶ 11.) and that "I can conclude that the electronic signature was made by Mr. Jaffey on the arbitration agreement." (*Id.* ¶ 15.) These statements don't have to be accepted as true and in fact may be stricken. That is, while Ms. Graves may personally think Jaffey consented by electronic signature, it is for the Court, upon weighing all of the evidence of record, to make such a determination.[1] At this point the record is incomplete and Jaffey needs discovery to ensure that the entire process is accurately explained to the Court with sufficient evidence. As such, the Supplemental Graves Declaration, and any references to it, should be stricken because it improperly presents legal conclusions.

### III. CONCLUSION

For the reasons stated above, the Court should strike Defendant's Supplemental Declaration and Consent Form and any references or mentions to them in Defendant's reply memorandum or, in the alternative, grant Plaintiff leave to file a surreply.

Respectfully Submitted,

Dated: February 7, 2018

MICHAEL JAFFEY, individually and on behalf of all others similarly situated,

By: /s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com

---

[1] "A challenge to the validity of the arbitration agreement itself *must be determined by the court*." *Quiroz v. Cavalry SPV I, LLC*, 217 F.Supp.3d 1130, 1136 (C.D. Cal. Nov. 16, 2016) (emphasis added).

- 8 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Woodrow & Peluso, LLC
3100 E. Mexico Ave., Suite 300
Denver, Colorado 80210
Tel: 720.213.0675
Fax: 303.927.0809

Marc P. Cook
Cook and Kelesis, LTD
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
(702) 737-7712 (fax)
mcook@bckltd.com

Attorneys for Plaintiff and the Putative Class

* pro hac vice

**CERTIFICATE OF SERVICE**

I, Patrick H. Peluso, an attorney, hereby certify that I served the foregoing papers by causing true and accurate copies of such papers to be transmitted to all counsel of record through the Court's electronic filing system on February 7, 2018.

/s/ Patrick H. Peluso