Marc P. Cook
Cook and Kelesis, LTD
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
(702) 737-7712 (fax)
mcook@bckltd.com

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Putative Classes*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL JAFFEY, individually and on behalf of a class of similarly situated individuals,<br><br>*Plaintiff,*<br><br>v.<br><br>DEL TACO RESTAURANTS, INC., a Delaware corporation,<br><br>*Defendant.* | Case No. 2:17-cv-02600-JCM-PAL<br><br>**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS, OR IN THE ALTERNATIVE, COMPEL ARBITRATION AND DISMISS THE ACTION (DKT. 14, 15)** |

**I.     Introduction**

As the Court is aware, this case challenges Defendant Del Taco Restaurants, Inc.'s background check disclosures and procedures under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

Seeking to avoid class-wide litigation, on November 21, 2017, Del Taco filed its Motion to Stay Proceedings, or in the Alternative, Compel Arbitration and Dismiss The Action ("Motion to Stay") (dkt. 14, 15). Plaintiff Michael Jaffey ("Plaintiff" or "Jaffey") responded in opposition on January 5, 2018 ("Response in Opposition," dkt. 38). Thereafter, on January 26, 2018, Defendant filed its Reply in Support its Motion, which included a supplemental declaration from Jeanne Graves, Defendant's Vice President of Human Resources, (the "Supplemental Graves Declaration") Critically, the Supplemental Graves Declaration presented new supposed evidence regarding Defendant's background check procedures and the alleged presentation of Defendant's arbitration

1 agreement. On February 7, 2018 Plaintiff filed a Motion For Leave to File a Surreply or to Strike New Material (dkt. 43), which the Court granted by allowing Plaintiff leave to file a surreply no later than February 26, 2018. (Dkt. 44.)

Defendant's Motion to Stay should be denied because the Supreme Court's resolution of *Morris* will have no impact on the question of whether Jaffey agreed to arbitrate his claims, and because Del Taco's "Mutual Agreement to Arbitrate Claims" appears to be both procedurally and substantively unconscionable. (*See* Dkt. 38, at 4-14.) Indeed, and as explained in Plaintiff's Response in Opposition, discovery is needed to resolve factual disputes regarding whether Jaffey actually agreed to Del Taco's "Mutual Agreement to Arbitrate Claims" in the first place (*see* dkt. 38, at 15). This information includes discovery regarding: (1) whether any representatives of Del Taco discussed arbitration with Jaffey, (2) whether Jaffey's typed name appearing on the Acknowledgement can constitute his consent to the Agreement where he denies ever typing his name, (3) the identities of the person(s) responsible for the appearance of Jaffey's name on the Acknowledgment, and (4) the manner by which Del Taco claims to have obtained Jaffey's consent to the Agreement. (*See id*.)

As explained below, rather than resolve such disputes, the Supplemental Graves Declaration raises even more questions. That is, notwithstanding Ms. Graves's supplemental self-serving testimony, factual issues abound and discovery (to the extent it isn't permitted to proceed more generally) should at a minimum be allowed into Jaffey's supposed agreement to arbitrate all claims with Del Taco. As such, Defendant's Motion to Stay should be denied.

## II. Argument

### A. Notwithstanding the Supplemental Graves Declaration, Genuine Issues of Fact Remain on Which Further Discovery is Essential.

The Supplemental Graves Declaration contains sixteen paragraphs of predominantly new "evidence." (*See* Dkt. 40-1.) This includes seven paragraphs of statements regarding Del Taco's "PeopleMatter" site, an electronic program that Del-Taco seemingly claims it used to "on-board" employees, and six paragraphs regarding Plaintiff Jaffey's supposed individual PeopleMatter sessions on PeopleMatter on May 23, 2017, May 24, 2017, and May 25, 2017. (*See id*.)

1    Numerous questions are raised by the Supplemental Graves Declaration that can only be
2    answered through discovery. First and foremost—and cutting to the punch-line—Graves asserts
3    that ...PeopleMatter date and time stamped documents after they had been signed by the user with
4    her or her username and password," and, based on this, concludes that "Given the PeopleMatter
5    process for signing documents and protecting the privacy of the information with unique user
6    names and private passwords, I can conclude that the electronic signature was made by Mr. Jaffey
7    on the arbitration agreement at the date and time listed on the document." (Supp. Graves Decl. ¶¶
8    12, 15.) The central problem with this assertion is that *there is no timestamp on the supposed*
9    *arbitration agreement.* (*See* Dkt. 40-3.) While there is a date, there is no time stated at all. As such,
10   Grave's sworn conclusion that she can state Mr. Jaffey signed the document at the date and time
11   stated on the document is seriously questionable. Stated simply, without a timestamp on the
12   document, Graves cannot conclude that the document was signed at the time stated on the
13   document.
14   To be sure, the signature page merely contains the typed name of "Sabina Tobogacz", the
15   general manager of a Del Taco location, without any date or time information indicating when Ms.
16   Tobogacz signed the agreement, if ever. Likewise, the signature page also only lists Jaffey's typed
17   name on both the "Employee Printed Name" line and the "Employee Signature" line and lists a
18   date of 05/25/2017. (*See id*.) Nowhere on the electronic signature page is there a timestamp,
19   reflecting that the document was electronically signed at 3:31 pm or otherwise. Discovery is
20   plainly needed regarding the supposed time-stamping of electronic signatures on the PeopleMatter
21   site, including how those time-stamped are stored and accessed, and all related data. Graves's
22   untested and contradictory assertions are simply insufficient.
23   Indeed, rather than provide such information, Graves instead avers that:

> I have reviewed the PeopleMatter history of Michael Jaffey. Those records indicate that Mr. Jaffey created a PeopleMatter profile and login on May 23, 2017, and became a candidate on May 24, 2017, using the username 'Jaffey'. . . Mr. Jaffey's on boarding documents are all date stamped May 25, 2017. His arbitration agreement was electronically signed, with a time stamp of 3:31 pm, May 25, 2017. Attached hereto as Exhibit B is a true and correct copy of that electronic signature page, which was located in Mr. Jaffey's personnel file. . . PeopleMatter date and time stamped documents after they had been signed by the user with his or her username and password.

- 3 -

1  (Dkt. 40-1, ¶¶ 10, 12.) Del Taco has produced no such information regarding the data points
2  mentioned by Graves. Though Graves claims that "[Jaffey's] arbitration agreement was
3  electronically signed, with a time stamp of 3:31 pm" and references the electronic signature page,
4  again the signature page on Jaffey's agreement fails to contain any time stamp whatsoever. (*See*
5  Dkt. 40-3, Exhibit B to Supplemental Graves Declaration.)
6       Graves also asserts that "[a]n applicant needed to click on a 'PDF' of the agreement, then
7  electronically sign the document using his or her PeopleMatter login information." (Dkt. 40-1, ¶ 6.)
8  Del Taco has produced no data—programming information, website logs, timestamp data, or other
9  electronic information—reflecting that Jaffey actually clicked on the PDF of the arbitration
10 agreement, viewed it, and signed it electronically by entering his login and password information
11 as Graves self-servingly contends. Discovery, including documents and other information about
12 the PeopleMatter system and a deposition of Ms. Graves are needed to present a fair record to the
13 Court upon which arbitration can be adjudicated.
14      As a general matter, Graves also states that "Once an applicant clicked on an application
15 link, he or she was redirected to Del Taco's 'PeopleMatter' site. To use that site, the applicant
16 needed to create a username and a unique password." (Dkt. 40-1, ¶ 3.) Yet Del Taco fails to
17 provide the IP Address associated with Jaffey's visits to the website or Jaffey's supposed password.
18 Such information should be disclosed in discovery so Jaffey can compare that information with his
19 own IP Address to verify such alleged activity.
20      And Graves further contends that Jaffey's:

> [P]ersonnel file contains electronic signature pages for other on boarding documents, all with date stamps of May 25, 2017. These include electronic signature pages for (1) "401K Plain Highlights 2015," (2) "ACA Exchange Notification," (3) "At Will Employment Agreement," (4) "Criminal History Information," (5) "Criminal History Information-Follow-Up Question," (6) "Del Taco Restaurant Hourly Handbook," (7) "Electronic Delivery of Form 1095C," (8) "Electronic Pay Statements," (9) "Employee Health and Hygiene Policy Acknowledgement," (10) "Meal Period Acknowledgement," (11) "Medical Provider Network Acknowledgment," (12) "Required Notices and Disclosures-California Field," and (13) "Unlawful Harassment Policy Acknowledgment."

(Dkt. 40-1, ¶ 13.) While Graves states the supposed time that Jaffey's allegedly signed the arbitration agreement (again, 3:31pm, without any support apart from Graves's own assertions or timestamp on the document), it did not provide one for any of the other thirteen (13) separate documents requiring separate electronic signature pages. Such timestamp information will reveal each step of Jaffey's application process and the manner by which Del Taco's electronic signature process actually works. For example, discovery will answer: (1) whether a signature line was provided on each document, (2) whether applicants are required to sign each of the 13 documents separately as they review them or, conversely, whether a typed electronic signature is added to each document at the end of the process and applicants are not actually required to sign each form as they proceed through the PeopleMatter portal, (3) whether applicants had to enter their login and passwords for each signature, whether they checked a box, or whether they were made to type their names in order to sign the arbitration agreement and the other 13 documents. Discovery will provide answers to each of these issues.

Fourth, and also of high importance, is that fact that Graves alleges that "[t]he on boarding process needed to be completed in one sitting, applicants could not save their work, and the PeopleMatter login would 'time out' after a certain amount of time . . ." (Dkt. 40-1, ¶ 8.) This is untenably vague. Discovery regarding the amount of time provided to applicants during the on-boarding process. Are applicants provided with a reasonable opportunity to review the documents they are supposedly being forced to "agree" to, including the arbitration agreement? How much time was provided before the system would automatically log the applicant out? Was it sufficient time for Del Taco's applicants to read and comprehend at least 13 complex legal documents and disclosures? Since applicants could not save their progress and the process "needed to be completed in one sitting," what were the consequences if an applicant decided s/he wanted to consult an attorney, research a particular issue, or talk with a Del Taco representative before being rushed into a supposed agreement? These crucial questions must be answered through discovery.[1]

---

[1] Such questions are plainly relevant to Plaintiff's contention that the arbitration agreement suffers from procedural unconscionability. (Dkt. 38, 10-14.)

**III.     Conclusion**

At the end of the day, the Supplemental Graves Declaration fails to resolve several outstanding issues and instead raises additional genuine questions regarding the on-boarding process that need to be addressed via discovery. As such, if the Court is not inclined to deny the Motion outright, at the very least the Court should allow written and oral discovery into the Supplemental Graves Declaration.

                                                                         Respectfully Submitted,

Dated: February 26, 2018                MICHAEL JAFFEY, individually and on behalf of all others similarly situated,

By: /s/ Patrick H. Peluso
One of Plaintiff's Attorneys

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3100 E. Mexico Ave., Suite 300
Denver, Colorado 80210
Tel: 720.213.0675
Fax: 303.927.0809

Marc P. Cook
Cook and Kelesis, LTD
517 S. 9th St.
Las Vegas, NV 89101
(702) 737-7702
(702) 737-7712 (fax)
mcook@bckltd.com

Attorneys for Plaintiff and the Putative Class

* pro hac vice

**CERTIFICATE OF SERVICE**

I, Patrick H. Peluso, an attorney, hereby certify that I served the foregoing papers by causing true and accurate copies of such papers to be transmitted to all counsel of record through the Court's electronic filing system on February 26, 2018.

/s/ Patrick H. Peluso