James C. Mahan
U.S. District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL JAFFEY, | Case No. 2:17-CV-2600 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| DEL TACO RESTAURANTS, INC., | |
| Defendant(s). | |

Presently before the court is defendant Del Taco Restaurants, Inc.'s ("Del Taco") motion to stay proceedings, or in the alternative, compel arbitration and dismiss the action. (ECF Nos. 14, 15). Plaintiff Michael Jaffey filed a response (ECF No. 38), to which Del Taco replied (ECF No. 40).

**I.  Facts**

This lawsuit is a putative class action against Del Taco. (ECF No. 1). Plaintiff alleges that Del Taco has made multiple violations of the Fair Credit Reporting Act ("FCRA") by failing to provide adequate disclosures and failing to provide copies or summaries of consumer reports before taking adverse action against employees. *Id*. On November 21, 2017, Del Taco filed a motion to stay or, in the alternative, motion to compel arbitration. (ECF No. 15).

**II.  Legal Standard**

*a. Stay proceeding*

Courts have broad discretion in managing their dockets. *See, e.g., Landis v. N. American Co.*, 299 U.S. 248, 254 (1936) (courts have the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants"). In

exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* Fed. R. Civ. P. 1.

  *b. Arbitration*

  Federal substantive law governs the question of arbitrability. *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983); *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 474–75 (9th Cir. 1991). The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 *et. seq.,* generally applies to individual employment contracts, agreements to arbitrate, and arbitration clauses such as the one at issue in this dispute. *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 109 (2001); *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). However, the arbitrability of a particular issue turns on principles of contract interpretation because "'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co.,* 925 F.2d 1136, 1142 (9th Cir. 1991) (quoting *AT & T Techs., Inc. v. Commc'ns Workers,* 475 U.S. 643, 648 (1986)).

  The Federal Arbitration Act ("FAA") reflects Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the commerce clause. *See Republic of Nicaragua*, 937 F.2d at 475 (citing *Perry v. Thomas*, 482 U.S. 483, 490 (1987)). The FAA embodies a clear federal policy in favor of arbitration. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Simula*, 175 F.3d at 719 (quoting *Moses H. Cone*, 460 U.S. at 24–25).

  The standard for demonstrating arbitrability is not high. *Simula*, 175 F.3d at 719. The Supreme Court has held that the FAA leaves no place for the exercise of discretion by a district court, but instead mandates that district courts direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed. *See Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985); *Simula*, 175 F.3d at 719. Such agreements are to be rigorously enforced. *Simula*, 175 F.3d at 719; *see also Dean Witter*, 470 U.S. at 221.

  Despite the federal policy favoring arbitration, arbitration is a "matter of contract" and no party may be required to arbitrate "any dispute which he has not agreed so to submit." *Howsam*

James C. Mahan
U.S. District Judge

*v. Dean Witter Reynolds, Inc.*, 537 U.S. 79 (2002) (quoting *United Steelworkers of Am. V. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). When determining whether a party should be compelled to arbitrate claims, courts engage in a two-step process. *Chiron*, 207 F.3d at 1130 (9th Cir. 2000). The court must determine: (1) whether a valid agreement to arbitrate exists, and if it does; (2) whether the agreement encompasses the dispute at issue. *Id*.

**III. Discussion**

*a. Stay proceeding*

Del Taco argues that the court should stay proceedings because the action relies on unsettled law that the Supreme Court plans to resolve. (ECF No. 15). Del Taco points out that Jaffey and other members of the putative class signed arbitration agreements that waive class actions and class arbitration. In *Morris v. Ernst & Young*, the Ninth Circuit controversially held that arbitration provisions that bar collective claims against an employer violate the collective-bargaining provisions of the National Labor Relations Act ("NLRA"). *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2015). On January 13, 2017, the Supreme Court granted certiorari. *See Ernst & Young, LLP v. Morris*, 137 S.Ct 809 (2017). Del Taco is requesting to stay proceedings until the Supreme Court issues its decision. (ECF Nos. 14, 15).

On May 21, 2018, the Supreme Court reversed *Morris* and held that the NLRA does not outlaw class and collective action waivers. *Epic Sys. Corp. v. Lewis*, 138 S.Ct. 1612, 1624 (2018). Pursuant to the Supreme Court's decision in *Epic Sys. Corp.*, Del Taco's request to stay is moot. Accordingly, the court will not stay proceedings.

*b. Arbitration*

Del Taco asserts that Jaffey signed a binding arbitration agreement, which requires arbitration of "all claims or causes of action that the Company may have against [Jaffey] or that [Jaffey] may have against the Company . . ." (ECF No. 15). Jaffey argues that he never signed the arbitration agreement and that even if he had, the arbitration agreement is unenforceable because it is unconscionable. (ECF No. 38).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

*i. Existence of an arbitration agreement*

Del Taco has included a copy of the arbitration agreement, which includes Jaffey's digital signature on an acknowledgment page at the end of the contract. (ECF No. 15). Jaffey argues that he has "no recollection of viewing," "receiving," or "providing an electronic signature" to an arbitration agreement. (ECF No. 38). In response, Del Taco provided a declaration of Del Taco's vice president for human resources, Jeanne Graves. (ECF No. 40). Ms. Graves states that Jaffey completed Del Taco's routine onboarding process, which required him to create a PeopleMatter profile that only Jaffey could access. *Id*. Ms. Graves continues, that on May 25, 2017, Jaffey logged into his PeopleMatter profile and electronically signed the arbitration agreement at 3:31 p.m.

Jaffey's declaration is insufficient to refute the existence of a signed arbitration agreement. Further, the court is not persuaded by Jaffey's claim that he does not remember signing the arbitration agreement because he alone had access to the contract through his PeopleMatter profile.

*ii. Unconscionability*

Nevada law recognizes that "strong public policy favors arbitration because arbitration generally avoids the higher costs and longer time periods associated with traditional litigation." *D.R. Horton v Green*, 96 P.3d 1159, 1162 (Nev. 20014). However, unconscionable arbitration provisions are unenforceable. *Id*. To defeat contract provisions for being unconscionable, the party opposing arbitration has the burden of showing that the arbitration agreement is both procedurally and substantively unconscionable. *Id*.

An arbitration clause is procedurally unconscionable when a party lacks a meaningful opportunity to agree to the terms of the clause either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily ascertainable upon a review of the contract. *Id*. at 1162. An arbitration clause is substantively unconscionable when the terms of the contract are one-sided. *Id*. at 1162–63.

Courts apply a sliding scale in evaluating whether both procedural and substantive unconscionability invalidate an arbitration clause. Less evidence of substantive unconscionability is required in cases involving great procedural unconscionability. *Id*. at 1162. The reverse is also

true. *Id*. at 1162; *Gonski v. Second Judicial Dist. Court of State ex rel. Washoe*, 245 P.3d 1164, 1169 (Nev. 2010).

Jaffey argues that the arbitration agreement was procedurally unconscionable because it was a contract of adhesion, was presented with unfair surprise, and Jaffey did not have an opportunity to opt-out. (ECF No. 38). Jaffey further argues that the contract is substantively unconscionable because it includes a class action waiver, uses employment as consideration, and has an unfair arrangement of arbitration fees. *Id*.

The court is not persuaded by Jaffey's arguments. First, the arbitration agreement is not procedurally unconscionable. Jaffey admits that under Nevada law the adhesion doctrine alone does not invalidate employment contracts. *See Kindred v. Second Judicial Dist. Court*, 996 P.2d 903, 907 (Nev. 2000). Further, Del Taco used PeopleMatter to present the arbitration agreement. Through his PeopleMatter profile, Jaffey was free to review and assess the agreement as he saw fit. Second, the arbitration agreement is not substantively unconscionable. A review of the arbitration terms show that the contract included ordinary provisions for attorney's fees, waivers, and employment as consideration.

*iii. Summary*

The parties entered into an arbitration agreement where Jaffey waived his right to bring a class action against Del Taco. The contract is enforceable because it is neither procedurally nor substantively unconscionable. Accordingly, the court will compel arbitration.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Del Taco's motion to stay proceedings, or in the alternative, compel arbitration and dismiss the action (ECF Nos. 14, 15) be, and the same hereby is, GRANTED.

DATED August 21, 2018.

UNITED STATES DISTRICT JUDGE